UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>DUSTIN J. MACRI,<br><br>          Defendant. | Case No. 21-cr-40052-JPG-5 |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Dustin J. Macri's motion for copies of documents from his case (Doc. 477). Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. The Court will direct the Clerk's Office is to mail the defendant a copy of the docket sheet in this case. Should the defendant desire copies of any documents from the court file, he should request the document(s) by number and send the required prepayment.

Before providing copies of documents in the file free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977);

*Groce*, 838 F. Supp. at 413-14.  If a transcript is requested but has not been prepared, the defendant must show only items (2) and (3).  *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).  These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Macri has not made the showing this Court requires before it will order documents to be provided or a transcript to be prepared for him at the public's expense.  First, he has not shown he has asked his trial counsel for copies of the existing documents from the Court file.  Second, he has not provided sufficient evidence that he is indigent and cannot pay for the documents he requests.  Third, and most importantly, he has no pending matter before this Court.  This Court, therefore, is unable to certify that he is pursuing a matter that is not frivolous or that the documents and transcripts are needed to decide the issue or issues presented by such a matter.  *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence).

For the foregoing reasons, the Court **DENIES** the motion **without prejudice** to another motion that addressed the foregoing three factors (Doc. 477) and **DIRECTS** the Clerk's Office to mail the defendant a copy of the docket sheet in this case.

**IT IS SO ORDERED.**
**DATED:  June 13, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**